IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VANESSA J. McFARLIN                                                                                          PLAINTIFF

v.                                           NO. 4:06CV01316 HDY

MICHAEL J. ASTRUE,                                                                                         DEFENDANT
Commissioner of the Social
Security Administration

## MEMORANDUM OPINION AND ORDER

INTRODUCTION. The record reflects that in March of 2004, plaintiff Vanessa J. McFarlin ("McFarlin") filed an application for disability insurance benefits pursuant to the provisions of the Social Security Act ("Act"). Her application was denied initially and upon reconsideration. She next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In June of 2006, the ALJ issued a ruling adverse to McFarlin. She appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed. The decision of the ALJ thus became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In September of 2006, McFarlin commenced this proceeding in which she challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. In determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole, it is helpful to identify his specific findings. The record reflects that the Commissioner made his findings pursuant to the five step sequential evaluation process. At step one, he found that McFarlin has not engaged in substantial gainful activity at any time during the relevant period. At step two, he found that she is severely impaired as a result of the following impairment: "[a] back disorder with chronic low back pain." See Transcript at 13. At step three, he found that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. The Commissioner then considered McFarlin's residual functional capacity; he found it to be as follows:

> [McFarlin] can lift/carry up to 20 pounds on an occasional basis and up to 10 pounds on a more frequent basis. She can stand for 2 hours in an 8-hour workday and sit for up to 6 hours in an 8-hour workday (with the usual breaks). [She] can reach and handle objects but is precluded from repetitive crouching, bending or stooping.

<u>See</u> Transcript at 14. In making the foregoing findings, the Commissioner found McFarlin's subjective complaints to be less than fully credible. At step four, he found that she does not retain sufficient residual functional capacity to perform her past work. At step five, he found that considering her age, education, work experience, and residual functional capacity, there is other work she can perform. Given that finding, he concluded that she is not disabled within the meaning of the Act.

<u>McFARLIN'S ASSERTIONS</u>. Are the Commissioner's findings supported by substantial evidence on the record as a whole? McFarlin thinks not and advances the following two reasons why: first, he failed to properly credit the assessment of her residual functional capacity made by Dr. Randal Bowlin ("Bowlin"), her treating physician; and second, the Commissioner failed to properly credit her subjective allegations of disabling pain.

<u>BOWLIN'S ASSESSMENT OF McFARLIN'S RESIDUAL FUNCTIONAL CAPACITY</u>. McFarlin first maintains that the Commissioner failed to properly credit Bowlin's assessment of her residual functional capacity, specifically, his assessment of her ability to sit. She maintains that proper credit for that aspect of his assessment is critical because her ability to sit is "determinative of the outcome of this case." <u>See</u> Document 13 at 13.[1]

---

[1] McFarlin notes that the vocational expert testified that "if … McFarlin could sit for only four hours per workday, there would be no jobs available in the national economy that she could perform. … On the other hand, [he] testified that if … McFarlin could sit for six hours per workday, she would be able to hold a number of sedentary jobs. … Thus, the viability of the [Commissioner's] decision hinges on its rejection of … Bowlin's assessment." <u>See</u> Document 13 at 13.

Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace." See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

The record reflects that Bowlin's assessment of McFarlin's residual functional capacity included his finding that she can sit without interruption for thirty minutes and can sit for a total of four hours in an eight hour workday. See Transcript at 192. The Commissioner discounted that portion of Bowlin's assessment because it was "not supported by the evidence of record." See Transcript at 16. The Commissioner instead found that she can sit for at least six hours in an eight hour workday. See Id.

The weight given a treating physician's opinion is clear. In Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006), the Court of Appeals articulated that weight as follows:

> A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir.2005). We will uphold [the Commissioner's] decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. at 920-21 …

The deference generally accorded a treating physician's opinion is premised, at least in part, on the idea that "'the treating physician is usually more familiar with a claimant's medical condition than are other physicians ...'" See Thomas v. Sullivan, 928 F.2d 255, 259 n.3 (8th Cir. 1991) [quoting Schisler v. Heckler, 787 F.2d 76, 81 (2nd Cir. 1986).

The record reflects that the Commissioner's findings as to McFarlin's residual functional capacity conform substantially to the findings made by Bowlin. However, their findings differ significantly at one critical point, that being, their opinions as to her ability to sit. The Commissioner's finding on that one issue appear to be based in large part upon an identical finding made by an agency representative. See Transcript at 163. It is significant, however, that the Commissioner's other findings do not conform to the agency representative's other findings and that the Commissioner made little, if any, mention in his written opinion of the agency representative's findings.

What, then, is the substantial evidence on the record as a whole that supports the Commissioner's decision to discredit Bowlin's assessment of McFarlin's ability to sit and to make an alternate finding. Simply put, it is not clear. It appears that the Commissioner relied to some extent upon the results from two separate magnetic resonance imaging scans and upon the findings of Drs. Gil Johnson ("Johnson") and Robert McCarron ("McCarron"). The results and findings are significant, but they do not clearly support the Commissioner's alternate finding. It is particularly instructive that neither Johnson nor McCarron made such an alternate finding.

On the basis of the foregoing, the Commissioner failed to clearly articulate why he chose to discredit Bowlin's assessment of McFarlin's ability to sit and what evidence in the record supports an alternate finding as to her ability to sit. His finding on that issue is not supported by substantial evidence on the record as a whole, and a remand is warranted.

MCFARLIN'S SUBJECTIVE ALLEGATIONS OF DISABLING PAIN. McFarlin additionally maintains that the Commissioner failed to properly credit her subjective allegations of disabling pain. She specifically maintains that "[t]here is nothing … in the hearing decision delineating the specific reasons for discrediting her testimony or setting forth the inconsistencies found." See Document 13 at 15.

In Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001), the Court of Appeals provided the following guidance in correctly evaluating a claimant's subjective allegations of disabling pain:

> It is the [Commissioner's] responsibility to determine a claimant's [residual functional capacity] based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own description of [her] limitations. [Citation omitted]. Before determining a claimant's [residual functional capacity], the [Commissioner] first must evaluate the claimant's credibility. In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

Although the Commissioner is not obligated to discuss each <u>Polaski</u> factor but need only consider the relevant factors, he must make "express credibility determinations and set forth the inconsistencies in the record which cause him to reject the [claimant's] complaints." <u>See</u> <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 590 (8th Cir. 2004).

The Court has examined the record. Although the Commissioner never cited <u>Polaski v. Heckler</u>, his failure is not fatal. He cited Social Security Ruling 96-7p, which tracks <u>Polaski v. Heckler</u>. What is fatal, however, is that his analysis of the relevant factors is deficient and not supported by substantial evidence on the record as a whole.

McFarlin provided evidence of the restrictions on her daily activities caused by her pain. <u>See</u> Transcript 70, 76-82, and 228. The Commissioner failed to make any mention of her activities. She provided evidence of the duration, frequency, and intensity of her pain. <u>See</u> Transcript at 73-74, and 224. At best, he made a cursory mention of those matters. McFarlin provided evidence of the dosage, effectiveness, and side effects of her medication. <u>See</u> Transcript at 69 and 221-223. The Commissioner did make mention of her medication but did so in the context of outlining her medical history, not in evaluating her credibility. He also made little, if any, mention of any precipitating and aggravating factors or functional restrictions. It appears that the Commissioner's credibility determination was based principally upon his observations of McFarlin during the evidentiary hearing. Although he is clearly entitled to consider her demeanor at the evidentiary hearing, it cannot be the sole basis for his credibility determination.

For these reasons, the Commissioner failed to fully evaluate McFarlin's subjective allegations of disabling pain. His finding on that issue is not supported by substantial evidence on the record as a whole, and a remand is warranted.[2]

<u>CONCLUSION</u>. The Court finds that the Commissioner failed to clearly articulate why he chose to discredit Bowlin's assessment of McFarlin's ability to sit and what evidence in the record supports an alternate finding. The Commissioner's finding on that issue is not supported by substantial evidence on the record as a whole, and a remand is warranted. Additionally, substantial evidence on the record as a whole does not support his finding as to McFarlin's subjective allegations of disabling pain. He is directed to more fully develop the record with regard to both matters. His decision is therefore reversed and remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

IT IS SO ORDERED this __29__ day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] This case does not present an instance of an arguable deficiency in opinion-writing technique, as the Commissioner's brief implicitly suggests. His written opinion must contain express credibility determinations and set forth the inconsistencies in the record which caused him to reject her complaints.